Filed 4/28/16  P. v. Derbyshire CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIAM FREDERICK DERBYSHIRE,<br><br>    Defendant and Appellant. | H042865<br>(Santa Clara County<br>Super. Ct. No. 206758) |

In 1998, appellant William Derbyshire was convicted of possessing a dangerous drug in violation of former Health and Safety Code section 11377, subdivision (a).  He was originally given probation on the condition that he serve 90 days in county jail, but he was later sentenced to 16 months in state prison, when his probation was revoked.

On August 10, 2015, appellant filed a petition to redesignate his 1998 felony conviction for violation of Health and Safety Code section 11377, subdivision (a) as a misdemeanor pursuant to Proposition 47.  (Pen. Code, § 1170.18, subds (f) & (g).) Appellant also asked that the firearm ban in Penal Code section 1170.18, subdivision (k) not be imposed, arguing that it applies only to resentencings, not to redesignations, and that it should be declared unconstitutional as a violation of equal protection rights.  On September 28, 2015, the trial court granted the motion to redesignate the crime as a misdemeanor, but denied his request to lift the firearm ban.  On October 2, 2015,

appellant filed a timely notice of appeal, challenging the imposition of the lifetime firearm ban.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), which states the case and the facts but raises no specific issues. Pursuant to *Serrano,* on December 14, 2015 we notified appellant of his right to submit written argument in his own behalf within 30 days. On January 28, 2016, we received a memorandum from appellant. In his filing, the appellant accepts responsibility for his crime and prior poor life choices, but describes the many efforts he has taken to improve his life since serving his sentence. Without further explanation, appellant states that he needs to posses firearms for his future employment as a "Licensed International Project Management Professional." Penal Code, section 1170.18, subdivision (k) states in relevant part, "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm . . . ." The trial court designated appellant's felony as a misdemeanor under subdivision (g), but under subdivision (k), it lacked the discretion to lift the firearm ban, despite appellant's many personal or educational achievements, or his perceived need for firearms. As nothing in appellant's supplemental brief raises an arguable issue on appeal, we must dismiss the appeal. (*Serrano, supra,* 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

_____
                                     RUSHING, P.J.

WE CONCUR:

_____
        PREMO, J.

_____
        ELIA, J.

***People v. Derbyshire***
**H042865**

3